UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ALMON D. WELLS,

    Petitioner,

v.                                      No.: 3:10-cv-548
                                                  (VARLAN/GUYTON)

BRUCE WESTBROOKS, Warden,

    Respondent.

## MEMORANDUM AND ORDER

Petitioner, who is in the custody of the Tennessee Department of Correction, filed this habeas corpus petition pursuant to the All Writs Act, 28 U.S.C. § 1651, claiming that his incarceration is in violation of the U.S. Constitution. The Court directed service of the petition upon the respondent and the Attorney General for The State of Tennessee, and ordered the respondent to respond to the petition within 30 days. Petitioner has now filed, among other motions, a motion to file an amended petition to name the United States of America as respondent and to challenge his federal conviction pursuant to 28 U.S.C. § 2255. For that reason, petitioner also moves to dismiss the original document titled petition for writ of habeas corpus. According to petitioner, it was his intention to name the United States as a respondent with respect to his federal conviction and he mistakenly named Warden Bruce Westbrooks as respondent.

Plaintiff was convicted in this Court of being a felon in possession of ammunition and being a felon in possession of a firearm; he received a total effective sentence of 200 months.

*United States v. Almon D. Wells*, Criminal Action No. 3:04-cr-20 (E.D. Tenn. Aug. 29, 2005) (Judgment). Pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit, the judgment was amended on June 1, 2009, to strike the language indicating the commencement date of petitioner's sentence; the sentence was affirmed in all other respects. *United States v. Wells*, 473 F.3d 640 (6th Cir. 2007).

Under the circumstances, petitioner's motions to file an amended petition pursuant to 28 U.S.C. § 2255 [Doc. 9] and to dismiss the original petition [Doc. 11] are **GRANTED** as follows: The Clerk is **DIRECTED** to file the amended petition with its exhibits as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in petitioner's criminal case. The Court notes that, although a new civil case for the § 2255 motion will be opened for statistical purposes, all future pleadings should be filed in the criminal case. The Clerk is further **DIRECTED** to file this Memorandum and Order in the criminal case, as well as this case, and to **CLOSE** this habeas corpus action.

Plaintiff has also filed a motion to attach exhibits, in which he asks the Court to attach to the amended habeas petition the exhibits attached to the original mistaken petition, specifically the Indictment, Judgment, and Presentence Investigation Report. There were no exhibits attached to the original petition and the motion [Doc. 8] is **DENIED** as **MOOT**.

Plaintiff's motion/demand for default judgment [Doc. 3] is **DENIED**. Plaintiff has also filed two motions to appoint counsel. An evidentiary hearing has not been scheduled in this matter and the motions to appoint counsel are premature. Rule 8(c) of the Rules

Governing Section 2255 Proceedings For The United States District Courts. Plaintiff's motions to appoint counsel [Docs. 5 and 10] are **DENIED**.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect.").

The amended judgment in petitioner's criminal case was entered on June 1, 2009, and petitioner did not appeal. Accordingly, the judgment became final on June 15, 2009. Therefore, petitioner had until June 15, 2010, within which to file his § 2255 motion. The Court received the original habeas petition on December 17, 2010. Under the circumstances, petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion is not barred by the one-year statute of limitation.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE